**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Jose Nunez</u>

    v.                                      Case No. 16-cv-129-JL

<u>Warden, Federal Correctional
Institution, Berlin, New Hampshire</u>


**REPORT AND RECOMMENDATION**

Jose Nunez, an inmate at the Federal Correctional Institution in Berlin, New Hampshire, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") has incorrectly calculated the amount of time he must spend in federal custody. Before this magistrate judge for a report and recommendation is respondent's motion for summary judgment, <u>see</u> Doc. No. 10, to which Nunez objects, <u>see</u> Doc. Nos. 13, 14.


**Summary Judgment Standard**

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see also</u> <u>Xiaoyan Tang v. Citizens Bank, N.A.</u>, 821 F.3d 206, 215 (1st Cir. 2016). "An issue is 'genuine' if it can 'be resolved in favor

of either party,' and a fact is 'material' if it 'has the potential of affecting the outcome of the case.'" Xiaoyan Tang, 821 F.3d at 215 (citations omitted); see also Commodity Futures Trading Comm'n v. JBW Capital, 812 F.3d 98, 105 (1st Cir. 2016) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original)).

## Background[1]

On January 14, 2003, Nunez was sentenced in a New York state court to two consecutive six-year terms of incarceration. See Resp't's Mot. Summ. J., Decl. of Forest Kelly ("Kelly Decl."), Attach. 2 (Doc. No. 10-2, at 4, 6). Nunez was awarded pretrial credit of ten months and three days. According to a document that appears to have been generated by the New York Department of Corrections ("NYDOC"), entitled "Reception/Classification System Legal Date Computation," the maximum expiration date of Nunez's state sentence was March 29, 2014, and his conditional release date was July 9, 2012. See

---

[1] The facts that the court recites in this section are undisputed, except as otherwise noted.

Kelly Decl., Attach. 8 (Doc. No. 10-2, at 25).

Shortly after he was sentenced in state court, Nunez was transferred to federal custody, through a federal writ of habeas corpus ad presequendum, to face charges in the Southern District of New York ("SDNY"). On March 19, 2004, Nunez pleaded guilty to two federal offenses in the SDNY, and was sentenced to serve consecutive prison terms on the federal charges as follows: (1) a thirty-six month (three-year) prison term for committing a violent crime in aid of racketeering, see 18 U.S.C. § 1959(a)(6); and (2) an eighty-four month (seven-year) term of incarceration for possession and brandishing a weapon in furtherance of a crime of violence, see 18 U.S.C. § 924(c)(1)(A)(ii). See Kelly Decl., Attach. 5 (Doc. No. 10-2, at 12-13). The SDNY further ordered that the three-year federal sentence would be served concurrently with the twelve-year state prison sentence Nunez was then serving, and that the seven-year federal sentence would be served consecutive to that state sentence. See id.

On June 15, 2009, Nunez pleaded guilty to a new state charge of first degree "promoting prison contraband," and was sentenced by the state court to serve one-and-a-half to three years in state prison. See Pet., Ex. A (Doc. No. 1, at 13-14);

Kelly Decl., Attach. 6 (Doc. No. 10-2, at 21). The state court judge in the contraband case directed that the contraband sentence be served consecutively to the twelve-year state prison sentence Nunez was then serving, but concurrently with the seven-year federal sentence, which was also consecutive to the twelve-year sentence. See Pet., Ex. A (Doc. No. 1, at 13-14); Kelly Decl., Attach. 6 (Doc. No. 10-2, at 21).

On December 23, 2013, Nunez's guilty plea and sentence on the first degree contraband charge were vacated, and Nunez entered a new plea to a second degree contraband charge, and was resentenced to "time served." See Kelly Decl., Attach. 7 (Doc. No. 10-2, at 23). On January 9, 2014, shortly after the "time served" plea was entered, Nunez was paroled from the NYDOC, having satisfied all of his New York state sentences, and was transferred to federal custody, where he has remained since that date. Kelly Decl. at 2. BOP then granted Nunez's request for a nunc pro tunc designation, such that the BOP, after the fact, designated the time Nunez spent in the custody of the NYDOC from May 30, 2011 until January 9, 2014 (a period of thirty-one months and ten days),[2] against, and in full satisfaction of, the

---

[2]The parties have not explained the factors that led the BOP to conclude that to a thirty-one month, ten day period of state incarceration effectively discharged the three year federal

4

three-year portion of Nunez's federal sentence, and concluded that Nunez began serving his seven-year consecutive federal sentence on January 9, 2014.  See BOP Appeal Resp. (Doc. No. 1, at 17-18).

**Discussion**

I. **Applicable Law**

   A. Concurrent and Consecutive Sentences

A federal court has the discretion to order that multiple terms of imprisonment run concurrently or consecutively when the court is sentencing a defendant already subject to an undischarged term of imprisonment.  See 18 U.S.C. § 3584(a). Here, the SDNY sentenced Nunez to the three-year portion of his federal sentence, to be served concurrently with the previously imposed twelve-year state sentence, to be followed by the seven-year portion of the federal sentence.

   B. Designation of State Facility for Service of Sentence

The BOP has the authority to designate the place where a federal sentence shall be served, and it may designate a state

---

sentence.  This court need not address that issue, however, as the propriety of using thirty-one months and ten days as the period of time necessary to discharge the three-year sentence is undisputed.

institution for that purpose after the fact.  See 18 U.S.C. § 3621(b).  "Judicial review of the BOP's decision to grant a nunc pro tunc designation of a state facility for service of a federal sentence is limited to abuse of discretion."  Ysabel v. Sabol, 645 F. Supp. 2d 37, 39 (D. Mass. 2009).

In his § 2241 petition, Nunez challenges the May 30, 2011 start date of the BOP's nunc pro tunc designation for the commencement of Nunez's thirty-six month federal sentence, and the calculation of Nunez's potential release date based thereon.  Nunez asserts that his state twelve-year sentence ended on July 9, 2012, and not on January 9, 2014 (eighteen months later), the date BOP selected when it granted Nunez's request for a nunc pro tunc designation.  The practical effect of Nunez's argument is that his consecutive, seven-year federal sentence would be completely discharged eighteen months sooner, if July 9, 2012 were set as the date when Nunez had finished serving the three-year portion of his federal sentence.

Respondent argues in the motion for summary judgment that Nunez's twelve-year state sentence was discharged on January 9, 2014.  If that statement were true, BOP's nunc pro tunc decision, using January 9, 2014 as the end-date of Nunez's three-year federal sentence (with the state prison designated as

the place where Nunez served that portion of his federal sentence), could not be deemed to be an abuse of discretion. Such a determination would be consistent with the SDNY order, and would also be consistent with BOP guidance, which provides, in pertinent part, as follows:

> When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence.

BOP Program Statement 5160.05(7)(c) (Doc. No. 10-2, at 34).

The record before this court does not allow this court to find, however, that Nunez was released from his twelve-year state sentence on January 9, 2014. In response to Nunez's administrative appeal of his challenge to BOP's nunc pro tunc designation, Ian Connor, Administrator, National Inmate Appeals stated that Nunez could not be given credit for eighteen months Nunez served on his contraband sentence between July 9, 2012 and January 9, 2014, because 18 U.S.C. § 3585(b) and BOP Program Statement ("BOP PS") 5880.28 prohibit the BOP from granting an inmate credit for a sentence imposed after his federal sentencing, and not anticipated by the federal sentencing court, if that time has been "credited against another sentence." BOP Appeal Resp. (Doc. No. 1, at 17). Connor explained, as follows:

7

> The 18 months of credit you seek from your original state release date of July 9, 2012, until your adjusted parole date of January 9, 2014, was time spent in service of another sentence. Your additional state sentence was ordered to run consecutive to your existing state sentence, resulting in a later release date from state custody as well as a new release date from federal custody.

Doc. No. 1, at 18. Connor appears to have concluded the eighteen months from July 9, 2012 to January 9, 2014 had been credited against the "time-served" contraband sentence, which had been imposed and served consecutive to the twelve-year sentence. None of the state court documents or any self-authenticating NYDOC document filed by respondent as attachments to the summary judgment motion clarifies whether January 9, 2014 is also the date on which Nunez was released from his twelve-year sentence. Cf. Exhibits (Doc. No. 10-2), attached to Decl. of Forest Kelly (Doc. No. 10-1).

Respondent's brief does not present any argument as to why the BOP did not abuse its discretion in basing its nunc pro tunc determination on a January 9, 2014 release date, if July 9, 2012 was in fact the date when Nunez was released from his twelve-year state sentence. In other words, there is no briefing here addressing whether the BOP had the discretion to neglect to implement the part of the SDNY's order, effectively keying the start of Nunez's seven-year sentence to the end of Nunez's

twelve-year state sentence, assuming July 9, 2012 was the end of that sentence. This court declines to undertake an analysis of that issue in the first instance here, in the absence of briefing from the United States on that question, and in the absence of documents of evidentiary quality, clarifying precisely when Nunez was released from his twelve-year state sentence, which could make that analysis unnecessary. Accordingly, the district judge should deny respondent's motion for summary judgment (Doc. No. 10) on Nunez's petition, without prejudice to either party's ability to rebrief the pertinent issues.

## Conclusion

For the foregoing reasons, the court recommends that the district judge deny the respondent's motion for summary judgment (Doc. No. 10), without prejudice to respondent's ability to file a new motion for summary judgment, providing properly-authenticated NYDOC documents, an affidavit, or other documents of evidentiary quality, to establish when Nunez's twelve-year sentence ended, and, if the evidence shows that Nunez's twelve-year sentence was discharged prior to January 9, 2014, providing argument and citations to authority as to whether the BOP had

the discretion to use January 9, 2014 as the date when Nunez was released from his twelve-year state sentence, in calculating the start of Nunez's seven-year federal sentence.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

 

_____
Andrea K. Johnstone
United States Magistrate Judge

July 24, 2017

cc:   Jose Nunez, pro se
      Seth Aframe, Esq.