UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jose Nunez

    v.                                          Civil No. 16-cv-129-JL

Warden, Federal Correctional
Institution, Berlin, New Hampshire

**REPORT AND RECOMMENDATION**

Jose Nunez, a federal prisoner serving his sentence at the Federal Correctional Institution in Berlin, New Hampshire, filed a petition for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") has incorrectly calculated the amount of time he must spend in federal custody. Before this magistrate judge for a Report and Recommendation is the respondent's "Renewed Motion for Summary Judgment" (Doc. No. 17).

**Background**[1]

On January 14, 2003, Nunez was sentenced in a New York state court to two consecutive six-year terms of incarceration on burglary charges. See Jan. 14, 2003 Sentencing Order, People v. Nunez, Nos. 810-2002, 2057-2002 (N.Y. Sup. Ct., N.Y. Cty.

---

[1]The facts that the court recites in this section are undisputed, except as otherwise noted.

Jan. 1, 2003) (Doc. No. 17-1, at 4-5).  Nunez was given credit against that sentence for 303 days he spent in pretrial detention on the burglary charges.  See Jan. 3, 2003 N.Y.C. Dep't of Corrs. Jail Time Certification (Doc. No. 17-1, at 6).

Shortly after he was sentenced in state court, Nunez was transferred to federal custody to face charges in the Southern District of New York ("SDNY").  On March 19, 2004, Nunez pleaded guilty to two federal offenses in the SDNY and was sentenced to serve consecutive prison terms on the federal charges as follows: (1) a thirty-six month (three-year) prison term for committing a violent crime in aid of racketeering, see 18 U.S.C. § 1959(a)(6); and (2) an eighty-four month (seven-year) term of incarceration for possession of and brandishing a weapon in furtherance of a crime of violence, see 18 U.S.C. § 924(c)(1)(A)(ii).  See Mar. 19, 2004 Sentencing Order, United States v. Nunez, No. S11 02 CR 1082 (NRB) (S.D.N.Y. Mar. 19, 2004) (Doc. No. 10-1, at 12-19).  The SDNY ordered that the three-year federal sentence would be served concurrently with the twelve-year state prison sentence Nunez was then serving, and that the seven-year federal sentence would be served consecutively to the twelve-year state sentence.  See id.

On June 15, 2009, while still serving his twelve-year state sentence, Nunez pleaded guilty to a new state charge of first degree "promoting prison contraband," and was sentenced by the

2

state court to serve one-and-a-half to three years in state prison.  See June 15, 2009 Sentencing Order, People v. Nunez, No. 2009-39 (N.Y. Sup. Ct., Chemung Cty. June 15, 2009) (Doc. No. 17-1, at 7).  The state court judge in that case directed that Nunez serve the contraband sentence consecutively to the twelve-year state prison sentence Nunez was then serving, but concurrently with the seven-year federal sentence.  See id.

On December 23, 2013, Nunez's guilty plea and sentence on the first degree contraband charge were vacated, and Nunez entered a new plea to a second degree contraband charge, and was resentenced to "time served."  See Dec. 23, 2013 Am. Sentencing Order, People v. Nunez, No. 2009-39 (N.Y. Sup. Ct., Chemung Cty. Dec. 23, 2013) (Doc. No. 17-1, at 24).  The record in this case does not reveal the precise length of the "time served" sentence.

On January 9, 2014, shortly after the "time served" plea was entered, Nunez was paroled from the New York Department of Corrections ("NYDOC"), having satisfied all of his New York state sentences, and was transferred to federal custody, where he has remained since that date.  See Sept. 26, 2017 Letter of Att'y Christine Lennard, Assoc. Counsel, NYDOC Office of Sentencing Review ("Lennard Statement") (Doc. No. 17-1, at 2).

After his transfer to federal custody, Nunez requested that the BOP grant him a "nunc pro tunc designation" of the NYDOC as

3

the place where he served his thirty-six month federal sentence that was to run concurrently with his twelve-year state sentence.  See July 1, 2015 BOP Central Office Admin. Remedy Appeal of Jose Nunez (Doc. No. 1, at 19).  The BOP granted Nunez's request for a nunc pro tunc designation, such that the BOP designated the time Nunez spent in the custody of the NYDOC from May 30, 2011 until January 9, 2014, to fully satisfy the three-year portion of Nunez's federal sentence that the federal judge had ordered to be concurrent with Nunez's twelve-year state sentence,[3] and concluded that Nunez began serving his seven-year consecutive federal sentence on January 9, 2014.  See Sept. 9, 2015 BOP Appeal Resp. of Ian Connors (Doc. No. 1, at 17-18).

### § 2241 Petition

In his § 2241 petition in this court, Nunez alleges that from July 9, 2012 to January 9, 2014, he was serving the state first degree/second degree contraband sentences, after he was discharged from his twelve-year New York state sentence on July 9, 2012.  Nunez argues the BOP is obliged to grant him a nunc pro tunc designation beginning on July 9, 2012, eighteen months

---

[3]Respondent has explained that the period from May 30, 2011 until January 9, 2014 approximately equals the three-year sentence minus good time credit Nunez would have received if he had been serving that sentence in federal custody.  See Resp.'s Renewed Mot., at 1 n.1 (Doc. No. 17, at 1 n.1).

4

earlier than the January 9, 2014 date BOP selected, since the federal judge sentenced him to the three-year concurrent sentence and a seven-year sentence that was consecutive to the state sentence that ended July 9, 2012.

Respondent's "Renewed Motion for Summary Judgment" (Doc. No. 17), argues that BOP did not abuse its discretion in granting Nunez a nunc pro tunc designation starting on January 9, 2014.  This is the second time respondent has moved for summary judgment in this case.  The district judge denied the respondent's first motion without prejudice, see Aug. 10, 2017 Order (Doc. No. 16), approving the July 24, 2017 Report and Recommendation (Doc. No. 15), which advised the parties that the court had received no briefing on when Nunez had been released from his twelve-year sentence, or as to whether BOP did not abuse its discretion by selecting January 9, 2014 as the twelve-year sentence's release date, in lieu of July 9, 2012:

> Respondent's brief does not present any argument as to why the BOP did not abuse its discretion in basing its nunc pro tunc determination on a January 9, 2014 release date, if July 9, 2012 was in fact the date when Nunez was released from his twelve-year state sentence.  In other words, there is no briefing here addressing whether the BOP had the discretion to neglect to implement the part of the SDNY's order, effectively keying the start of Nunez's seven-year sentence to the end of Nunez's twelve-year state sentence, assuming July 9, 2012 was the end of that sentence.  This court declines to undertake an analysis of that issue in the first instance here, in the absence of briefing from the United States on that question, and in the absence of documents of

5

<u>evidentiary quality, clarifying precisely when Nunez was released from his twelve-year state sentence,</u> which could make that analysis unnecessary.

<u>Id.</u> at 8-9 (emphasis added).

Attached to respondent's renewed motion (Doc. No. 17) is a letter signed by Attorney Christine Lennard, Associate Counsel in the NYDOC Office of Sentence Review, which she subscribed to be true under penalty of perjury, based upon the records she reviewed. <u>See</u> Lennard Statement (Doc. No. 17-1, at 1). Attorney Lennard states that she reviewed the NYDOC records concerning Nunez attached to the letter. <u>See</u> Doc. No. 17-1. Based on Attorney Lennard's explanation and those records, respondent maintains that Nunez was released from his twelve-year sentence on January 9, 2014, approximately two months before the expiration of the maximum term of that sentence.

## Standard

"Judicial review of the BOP's decision to grant a nunc pro tunc designation of a state facility for service of a federal sentence is limited to abuse of discretion." <u>Ysabel v. Sabol</u>, 645 F. Supp. 2d 37, 39 (D. Mass. 2009). Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see also</u> <u>Xiaoyan Tang v. Citizens Bank, N.A.</u>, 821 F.3d 206, 215 (1st Cir. 2016). "An issue is 'genuine'

if it can 'be resolved in favor of either party,' and a fact is 'material' if it 'has the potential of affecting the outcome of the case.'" Xiaoyan Tang, 821 F.3d at 215 (citations omitted).

## Discussion

Attorney Lennard's statement summarizes facts included in the NYDOC records attached to her statement. According to Lennard's statement:

- When Nunez was initially received by the NYDOC in 2003, the NYDOC determined that the maximum expiration date of his twelve-year sentence was March 29, 2014; the earliest date upon which Nunez could be conditionally released was July 9, 2012; and he could obtain a total of one year, eight months, and twenty days of good time. These dates correspond to the Feb. 14, 2003 "Reception/Classification System Legal Date Computation" ("LDC") record attached to the Lennard Statement (see Doc. No. 17-1, at 14).

- After Nunez was sentenced to $1^1/_2$ to three years for his first degree contraband conviction on June 15, 2009, the NYDOC determined the "adjusted" maximum expiration date of his aggregated sentence was September 29, 2015[6]; his "adjusted" conditional release date was January 9, 2014; and he could obtain possible good time in the amount of one year, eight months, and twenty days (less three months).[7]

---

[6]The minimum term of contraband sentence was added to the term of the twelve-year sentence to arrive at an aggregate maximum term of imprisonment under New York law. See NYPL § 70.30[d][1].

[7]Respondent has provided the court with a NYDOC "Report of Time Allowance Committee Review" form indicating that, as to Nunez's twelve-year sentence, Nunez lost three months of his possible good time, and had been granted one year, five months, and twenty days of good time. See Doc. No. 17-1 at 23. This deduction in good time accounts for the change in the NYDOC's calculation of Nunez's conditional release date from July 9, 2012 to October 9, 2012.

> These dates correspond to the Oct. 21, 2009 LDC record attached to the Lennard Statement (see Doc. No. 17-1, at 17).
>
> After Nunez's first degree contraband conviction and sentence were vacated on December 23, 2013, the NYDOC determined that Nunez's maximum expiration date of his twelve-year sentence was again March 29, 2014; his earliest conditional release date reverted to October 9, 2012; and his possible good time was one year, eight months, and twenty days (less three months). These dates correspond to the Dec. 24, 2013 and Jan. 6, 2014 LDCs attached to the Lennard Statement (see Doc. No. 17-1, at 21-22)

Although the exhibits to respondent's renewed motion for summary judgment clarify that Nunez lost three months of good time, extending his earliest possible conditional discharge date from the twelve-year sentence until October 9, 2012, they do not show that Nunez, between October 9, 2012 and January 9, 2014, was still serving his 12-year state burglary sentence, and was not serving his state contraband sentence.

To the contrary, the NYDOC records in this court's record indicate that January 9, 2014 was Nunez's conditional release date only during the period between June 2009 and December 2013 after he had received a sentence for first degree contraband and before that sentence was vacated. After that sentence was vacated, the NYDOC records dating from December 24, 2013 and January 6, 2014 in this court's record indicate that the state agency once again calculated Nunez's conditional release date

8

from his twelve-year sentence to be October 9, 2012.  See Doc. No. 17-1, at 21, 22 (Dec. 24, 2013 LDC & Jan. 6, 2014 LDC).

The transcript of the state court's December 23, 2013 plea and sentencing hearing on Nunez's second degree contraband charge suggests that the parties in that proceeding believed that Nunez in December 2013 had already served more than the one-year maximum sentence on the second degree contraband charge, see NYPL §§ 10.00[4], 205.20:

> THE COURT: Okay.  Attorney Rich [counsel for Nunez], do you want to put on the record what your understanding is of what's going on here?
>
> MR. RICH: Yes, your Honor.  Mr. Nunez himself filed I believe a motion to vacate judgment . . . quite some time ago.  We joined that motion and submitted a memorandum ourselves.
>
> There's been lots of discussion between the Court, the People and myself.  My understanding is that there is an agreement in place that would allow Mr. Nunez to vacate the prior conviction or to withdraw his plea, to re-enter a guilty plea to the misdemeanor charge of promoting prison contraband in the second degree and be sentenced to time served.  <u>He's already served more than the maximum sentence on that charge.</u>
>
> MR. SONSIRE [counsel for state]: <u>That's my understanding as well.</u>  And that would be under Penal Law 205.20, the promoting prison contraband . . . in the second degree.

Dec. 23, 2013 Sent'g Hrg., Tr. at 2-3, People v. Nunez, No. 2009-39 (N.Y. Cty. Ct., Chemung Cty.) (Doc. No. 17-1, at 27-28) (added).  That transcript which is part of this court's record provides some evidence that counsel in that proceeding believed

9

that Nunez had already begun to serve the contraband portion of his sentence in 2012.

For these reasons, respondent has not established that it is entitled to judgment as a matter of law as to whether BOP acted within its discretion in using January 9, 2014 as the starting date of Nunez's nunc pro tunc designation, and not October 9, 2012.  Accordingly, the district judge should deny the respondent's renewed motion for summary judgment (Doc. No. 17), and order respondent, within fourteen days of the date of the order denying that motion, to show cause why the petition should not be granted.

## Conclusion

For the foregoing reasons, the district judge should DENY the respondent's renewed motion for summary judgment (Doc. No. 17), and ORDER respondent, no later than fourteen days after the date of that order, to show cause why Nunez's 28 U.S.C. § 2241 habeas petition (Doc. No. 1) should not be granted.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos

v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 4, 2018

cc:   Jose Nunez, pro se
      Seth R. Aframe, Esq.